IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DECEMBER FAYE KLOCK**                                          **PLAINTIFF**

v.                                          CIVIL ACTION NO. 3:19-CV-656-HTW-JCG

**C R BARD INCORPORATED, et al**                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a lawsuit filed by Plaintiff December Faye Klock. Although originally represented by counsel, the Court allowed counsel to withdraw due a conflict of interest (ECF Nos. 19, 20, & 23; April 6, 2020 Text Only Order). Plaintiff was ordered to either employ alternate private counsel or notify the Court of her intent to proceed *pro se*. Plaintiff has failed to obey the orders of the Court; therefore, the undersigned recommends that the Complaint be dismissed.

## DISCUSSION

Plaintiff filed her Complaint against C R Bard Incorporated and Bard Peripheral Vascular Incorporated as part of multidistrict litigation on May 31, 2016. It was transferred to this Court on September 11, 2019 (ECF No. 5). Her attorneys, Ben C. Martin and Shelia M. Bossier, filed a Motion to Withdraw as Counsel of Record (ECF No. 19) on January 22, 2020. On January 23, 2020, the Court entered an Order taking the Motion under advisement (ECF No. 20). Withdrawing counsel were ordered to serve the Order on the Plaintiff by certified mail, return receipt requested and file a certificate of service indicating compliance. The Order directed Plaintiff to either "(1) employ private counsel and have that counsel enter a written

1

notice of appearance in this case, or (2) notify the Clerk of Court, in writing, that she will be representing herself in this case." Plaintiff's deadline to comply was March 5, 2020, and she was warned that failure to comply could result in dismissal.

Withdrawing counsel filed a Certificate of Service (ECF No. 21) on January 30, 2020; however, Plaintiff failed to contact the Court by the March 5, 2020 deadline, and the tracking number provided by withdrawing counsel indicated that the Order had not been delivered. Therefore, the Court entered another Order on March 16, 2020 (ECF No. 23). Withdrawing counsel were directed to provide the Court with all of Plaintiff's available contact information, contact the Plaintiff to determine if she was aware of the Order taking the Motion to Withdraw under advisement, and provide the Court with an update after talking to the Plaintiff. On March 23, 2020, withdrawing counsel indicated that Plaintiff's address is the one currently listed on the docket and confirmed that they had successfully served the Court's Orders on Plaintiff. In light of their compliance, the Court granted their Motion to Withdraw (April 6, 2020 Text Only Order).

Because Plaintiff had not contacted the Court or attempted to comply with the Order directing her to obtain new counsel or indicate if she wished to proceed *pro se*, the Court also entered an Order to Show Cause (ECF No. 24) on April 6, 2020. Plaintiff was ordered to "employ private counsel and have that counsel enter a notice of appearance" or "notify the Clerk of Court, in writing, that she will be representing herself in this case." She was also ordered to "show cause, in writing, why this case should not be dismissed for failure to comply with the Court's

Orders." Her response was due on or before May 6, 2020, and she was informed that failure to respond could result in dismissal. This Order was mailed to Plaintiff at her address of record.

After Plaintiff failed to respond, the Court entered a Second Order to Show Cause (ECF No. 25) on May 11, 2020. Plaintiff was again directed to have new counsel enter an appearance or notify the Court that she wished to proceed *pro se* and show cause in writing why her case should not be dismissed for failure to comply. Her response was due on or before June 5, 2020, and she was again warned that failure to comply may result in dismissal. This Order was also mailed to her address of record. To date, Plaintiff has not filed a response to either Order to Show Cause, she has not informed the Court of her desire to proceed *pro se*, and she has not had private counsel enter an appearance in this case.

This Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30. As a general rule,

dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Nearly nine months have passed since Plaintiff's counsel sought leave to withdraw. Despite confirmation that she received the Court's Orders, she has taken no action with respect to her case. Her delay has already resulted in extensions of several deadlines (February 19, 2020 Text Only Order; April 14, 2020 Text Only Order). The remaining deadlines in this case are quickly approaching, yet it appears that Plaintiff has no interest in prosecuting her case. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Plaintiff's Complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven

> days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 7th day of December, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE